# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK WEBB,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PILOT TRAVEL CENTERS LLC<br><br>　　　　　Defendant. | Case No. 1:24-cv-00424 |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Pilot Travel Centers LLC, a Delaware limited liability company ("Pilot"), hereby removes the state court action styled *Mark Webb v. Pilot Travel Centers, LLC*, Case No. 06D02-2401-CT-000140, filed in the Superior Court of Boone County, Indiana. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. In further support of its removal, Pilot states as follows:

### BACKGROUND

1. On January 29, 2024, Plaintiff Mark Webb ("Webb"), filed his Complaint in the Superior Court of Boone County, Indiana.

2. Pursuant to Local Rule 81-2(d), a copy of Plaintiff's Complaint is attached as **Exhibit 1**.

3. Pilot removes this case based upon diversity jurisdiction.

## TIMELINESS OF REMOVAL

4. Pilot was served with a copy of the Summons and a copy of the Complaint on February 6, 2024. No other pleadings or orders have been served on Pilot.

5. On February 28, Pilot filed its appearance of counsel and motion for enlargement of time to respond to the Complaint, which the state court granted on February 29.

6. No further proceedings have been had in the state court.

7. Pursuant to 28 U.S.C. § 1446(b)(l), this Notice of Removal is timely because it was filed within 30 days after receipt of the Complaint.

## VENUE

8. This Court is in the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Boone Superior Court is located in the Southern District of Indiana, Indianapolis Division.

## DIVERSITY JURISDICTION

9. This Court has jurisdiction over this matter, and it is properly removed in accordance with 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction.

10. Section 1441(a) allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

11. One such basis is diversity jurisdiction. For diversity jurisdiction to exist, the action must be between citizens of different States and the amount in controversy in the action must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). This action meets those requirements.

4872-4975-8891.3

A. **Diversity of Citizenship Exists Under 28 U.S.C. § 1332(a).**

12. Complete diversity of citizenship exists between Webb and Pilot. 28 U.S.C. § 1332(a).

13. Mark Webb is a citizen of Indiana, and as alleged in Paragraph 1 of the Complaint, at all relevant times, resided and was domiciled in Clinton County, Indiana. (Ex. 1 at ¶ 1)).

14. Pilot is a Delaware limited liability company, with its principal place of business located in Knoxville, Tennessee.

15. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

16. Pilot is not a citizen of Indiana for purposes of diversity jurisdiction.

   a. Pilot has four owners: Pilot Corporation, National Indemnity Company, FJM Investments LLC, and BDT I-A Plum Corp.

   b. Pilot Corporation is a Tennessee corporation with its principal place of business in Knoxville, Tennessee.

   c. National Indemnity Company is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

   d. FJM Investments LLC is a Utah limited liability company, which is owned entirely by FJ Management, Inc. FJ Management, Inc. is a Utah corporation with its principal place of business in Salt Lake City, Utah.

   e. BDT I-A Plum Corp is a Delaware corporation with its principal place of business in Omaha, Nebraska.

17. As no member of Pilot is a citizen of Indiana, complete diversity exists between the parties, and the diversity of citizenship requirement is satisfied. 28 U.S.C. § 1332(a).

**B.     The Amount in Controversy Exceeds $75,000**

18. Pilot has a good faith estimate that the amount in controversy, exclusive of interest and costs at issue exceeds the jurisdictional amount requirement of $75,000.

19. Although Webb's Complaint does not specify specific dollar amounts attached to its claim, removal is still possible so long as Pilot shows by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). A good faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. *Id.* at 511.

20. Webb alleges that he suffered "serious bodily injury" and claims damages including "past and future medical bills and related expenses, loss of income, lost future capacity to earn money, and past and future pain and suffering, both physical and mental" due to Pilot's alleged actions. (Ex. 1 at ¶¶ 6-7).

21. From pre-suit discussions, Pilot also understands that Webb underwent surgery related to his alleged injuries.

22. While Pilot denies the allegations against it, the amount in controversy in this action appears to exceed $75,000, exclusive of interest and costs.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

23. Consistent with 28 U.S.C. § 1446, Pilot provides this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

- 5 -

24. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2(a), a true and correct copy of the state court docket sheet, all pleadings, motions, orders and other filings, organized in chronological order by the state court filing date are attached to this Notice of Removal as ***Exhibit 2***. Exhibit 2 is the complete state court record as of the date of removal.

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all exhibits, is being served upon counsel for Webb and a copy of this Notice of Removal, with all exhibits, is being filed with the Clerk of the Superior Court of Boone County.

26. A civil cover sheet is attached hereto as ***Exhibit 3***.

27. Pilot has complied with all applicable local rules for the Southern District of Indiana regarding this Notice of Removal.

28. If Plaintiff challenges this Notice of Removal and the Court's subject-matter jurisdiction, Pilot reserves the right to file the appropriate affidavits and other proof with the Court to satisfy its burden of proof with respect to diversity jurisdiction. *See Buchanan v. McLee*, 2006 WL 319250, at *2 (N.D. Ind. Feb. 10, 2006) (holding that the Court can require the defendant to file appropriate evidence or "competent proof" to support diversity jurisdiction upon its own volition or upon being challenged by the plaintiff).

## CONCLUSION

29. In sum, there is (1) complete diversity exists between the parties; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) the procedural requirements for removal have been met.

30. Accordingly, Pilot hereby removes this action to this Court and respectfully requests that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted,

ICE MILLER LLP

*/s/ Adam M. Alexander*
Andrew J. Miroff (#21749-49)
Adam M. Alexander (#35639-18)
One American Square, Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100
drew.miroff@icemiller.com
adam.alexander@icemiller.com

*Counsel for Defendant Pilot Travel Centers LLC*

4872-4975-8891.3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 6, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and a copy of same was served via first class U.S. Mail, addressed to:

Brandon W. Smith
Morgan & Morgan
426 Bank Street, Suite 300
New Albany, IN 47150

             */s/ Adam M. Alexander*

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200
(317) 236-2100